RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE _/_ / _33_ / _13_

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

DEREJE WOLDEGIORGISE,                     CIVIL ACTION
            Plaintiff                     SECTION "P"
                                          NO. 1:12-cv-02778
VERSUS

IMMIGRATION AND CUSTOMS                   JUDGE JAMES T. TRIMBLE
ENFORCEMENT, et al.,                      MAGISTRATE JUDGE JAMES D. KIRK
            Defendants


REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a suit filed on October 29, 2012 by Dereje

Woldegiorgise, an ICE detainee, against the Bureau of Immigration

and Customs Enforcement ("ICE") and two unnamed ICE officers,

alleging a "felonious assault" causing injury to him by the unnamed

officers, which occurred at the Alexandria International Airport on

March 26, 2012.  Woldegiorgise is apparently bringing his lawsuit

pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§

2671-2680,[1] and Bivens v. Six Unknown Named Agents of the Federal

Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971).[2]

---

[1] To sue successfully under the Federal Tort Claims Act
("FTCA"), 28 U.S.C. §§ 2671-2680, a plaintiff must name the
United States as the sole defendant.  McGuire v. Turnbo, 137 F.3d
321, 324 (5th Cir. 1998), citing Atorie Air, Inc. v. Federal
Aviation Administration, 942 F.2d 954, 957 (5th Cir. 1991).

[2] Bivens defendants are federal officials brought into
federal court for violating the Federal Constitution.  Bivens-
type actions may be brought only against federal agents and not
federal agencies.  F.D.I.C. v. Meyer, 510 U.S. 471, 486, 114
S.Ct. 996, 1006, 127 L.Ed.2d 308 (1994); Whitley v. Hunt, 158

Woldegiorgise filed a motion for an "emergency restraining order" (Doc. 10), alleging that ICE is constantly moving him around the country to different ICE detention facility in order to "torment, taunt, and inconvenience" him in pursuing this lawsuit. Woldegiorgise further alleges there is a "clear and present danger of mistreatment and retaliation" because he filed this lawsuit. Woldegiorgise is presently confined at the LaSalle Detention Facility in Jena, Louisiana.  In his motion, Woldegiorgise asks the Court to enjoin ICE from transferring him until his case goes before the court, enjoin ICE employees from mistreating or retaliating against him, enjoin ICE employees from opening his mail and delaying its delivery to him, enjoin ICE employees from harassing him, threatening him or committing acts of violence against him, and ensure he is allowed sufficient access to the computer and law library (Doc. 10).

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> "(b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to

---

F.3d 882 885 (5th Cir. 1998).  Under <u>Bivens</u>, a plaintiff may recover damages for any injuries suffered as a result of federal agents' violations of his constitutional rights.  <u>Channer v. Hall</u>, 112 F.3d 214, 216 (5th Cir. 1997).

the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required."

In order for Woldegiorgise to obtain a preliminary injunction, he must show: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) that the court granting the injunction will not disserve the public interest.  Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981).

In the instant case, Woldegiorgise has failed to meet the requirements set forth above.  He has not alleged any specific facts to show that immediate and irreparable injury, loss, or damage will result to him *before* the adverse parties can be heard in opposition.  Also, he has not alleged any specific facts that show there is a substantial threat of irreparable injury to him if his requested injunction is not granted.

Woldegiogise alleges only that he fears he will be mistreated or retaliated against, and Woldegiorgise admits that ICE immediately started an investigation of the incident, which is still ongoing, and that the unknown officers have been identified by ICE.  Woldegiorgise also asks the court to order defendants to allow him "sufficient" access to the law library and a computer. However, Woldegiorgise does not appear to have any difficulty, and

has not alleged any, with filing motions and appropriate responses in this court; he is not entitled to unlimited access to a law library and has not alleged that his position as a litigant has been prejudiced.  See <u>Bounds v. Smith</u>, 430 U.S. 817, 828, 97 S.Ct. 1491 (1977); <u>Eason v. Thaler</u>, 73 F.3d 1322, 1328 (5th Cir. 1996). Finally, Woldegiorgise asks the court to enjoin defendants from transferring until his case goes to court.  Woldegiorgise does not have a right to be housed in any particular facility, nor does this court have the authority to order the ICE to house Woldegiorgise in any particular facility.  If a hearing is necessary, the court will issue a writ of habeas corpus for Woldegiorgise to be produced at the hearing.

Therefore, Woldegiorgise's motion for injunctive relief should be denied.

<u>Conclusion</u>

For the foregoing reasons, IT IS RECOMMENDED that Woldegiorgise's request for injunctive relief be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District

Judge at the time of filing.  Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this _____ day of January 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE