

RECEIVED
IN ALEXANDRIA, LA.

FEB 2 2 2013

TONY R. MOORE, CLERK
BY_____
　　　　　DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

---

| | |
|---|---|
| DEREJE WOLDEGIORGISE | CIVIL ACTION NO. 12-2778 |
| VERSUS | JUDGE TRIMBLE |
| IMMIGRATION & CUSTOMS ENFORCEMENT | MAGISTRATE JUDGE KIRK |

---

# ORDER

Before the court is plaintiff's appeal of the magistrate judge's prior order denying his motion to proceed in forma pauperis ("IFP") in the above-captioned case.[1] Plaintiff's appeal asserts that, although he possesses sufficient funds with which to pay the $350 filing fee in this case, he should not be required to do so because certain factors, including his telephone call expenses and the uncertainty of future financial assistance from family members, weigh in favor of a grant of IFP status.

The court has reviewed the original application for IFP status, as well as the instant appeal and finds that the ruling of the magistrate judge denying IFP status was entirely correct under applicable law. Specifically, 28 U.S.C. § 1915(a)(1) requires the filing of an affidavit evidencing that the applicant possesses insufficient funds with which to pay the filing fee. The statute does not state, nor will this court infer, that IFP status may be granted to applicants who must make the choice between using their resources for provisions such as telephone calls or for the filing of a lawsuit. As plaintiff is likely aware, the proper allocation of scarce financial resources is an issue facing many in this and every nation.

---

[1] R. 14.

1

The purpose of IFP status is to permit those without sufficient assets to access the courts without being hindered by a filing fee that would otherwise be cost-prohibitive. IFP status does not discount the cost of litigation for those who simply do not wish to pay the entire filing fee.

For the reasons expressed above, it is hereby

**ORDERED** that plaintiff's appeal of the magistrate judge's denial of his application for IFP status is **DENIED** and the ruling of the magistrate judge shall stand as issued.

Also before the court is plaintiff's appeal of the prior ruling of the magistrate judge denying his motion for the appointment of counsel to represent him in the above-captioned civil rights suit.[2] The law in the Fifth Circuit is settled that, "[g]enerally speaking, no right to counsel exists in Section 1983 cases." Jackson v. Cain, 864 F.2d 1235, 1242 (5th Cir. 1989). Appointment of counsel in such actions is authorized only in "exceptional circumstances." Archie v. Christian, 812 F.2d 250, 253 (5th Cir. 1987). In Robbins v. Maggio, 750 F.2d 405, 412 (5th Cir. 1985), the court stated that while no comprehensive definition of "exceptional circumstances" has been crafted, the quality of the case and the abilities of the individual bringing it will help determine whether such circumstances are present.

The court has carefully reviewed the entire record in this matter and finds that this case presents no "exceptional circumstances" justifying the appointment of counsel. We also find, therefore, that the denial of appointed counsel by the magistrate judge was correct under applicable law. Accordingly, it is hereby

**ORDERED** that plaintiff's appeal of the magistrate judge's denial of his motion to appoint counsel in this case is DENIED and the ruling of the magistrate judge shall stand as issued.

---

[2] R. 8, 17.

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this 22nd day of February, 2013.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE